CARA ANN MARTIN, Plaintiff v. YATEN WILLIAM MARTIN, Defendant, AND ANNIE LAURIE BRADY, Additional Defendant.

(Filed 6 November 1963.)

**Automobiles § 49—**

Evidence that the driver, turning left and stopping in the crossover in the median separating the lanes in a four-lane highway, waited for several cars to pass, asked his passenger if there were any more cars coming, that the passenger, without looking, said no and that the driver drove into the highway and was struck about 25 feet from the crossover, *held* to show contributory negligence as a matter of law on the part of the passenger.

APPEAL by plaintiff from *Williams, J.*, May 1963 Civil Session of WAKE.

Civil action to recover damages for injuries sustained in an automobile collision. Plaintiff's evidence tends to show the following facts:

About 10:00 p.m. on June 3, 1960 plaintiff and her two children were passengers in the front seat of a 1941 Chevrolet being operated by her husband, the defendant Yaten William Martin. The automobile was proceeding in an easterly direction toward Raleigh on Highway No. 70, a four-lane highway with a fifteen-foot median strip separating eastbound and westbound lanes of traffic. About five miles west of Raleigh, the defendant Martin turned left into a crossover between the opposing lanes and stopped. There was a small hill one hundred and fifty feet to the east, then a dip and another hill. The glow of headlights approaching from the east could be seen from four hundred to six hundred feet from the crossover, but an automobile itself would be momentarily out of sight in the dip beyond the first hill. The posted speed limit for the area was sixty miles per hour. After waiting in the crossover for several car to pass by, the defendant Martin pulled out into the westbound lanes in order to go back toward Durham. As the front of his car entered the outside lane, the left rear was struck by a 1959 Ford which was being operated by the additional defendant Annie Laurie Brady. At the time defendant Martin pulled out into the highway, the additional defendant Brady was crossing the crest of the hill one hundred and fifty feet away at a speed of fifty-five to sixty miles per hour. She did not attempt to apply her brakes but swerved to the left. The impact occurred about twenty-five feet from the crossover on the dividing line between the two westbound lanes. Plaintiff sustained personal injuries in the collision.

Plaintiff did not see the Brady car before the collision. She testified that she was in a good position to have seen it but that neither she nor her husband looked to the east towards Raleigh to see if any traffic

was approaching; that her husband asked her before proceeding if there were any more cars coming and she said "No."

Plaintiff originally instituted this action against Annie Laurie Brady only. Later she made her husband a party defendant to the action alleging, *inter alia,* in an amended complaint, that his negligence in failing to keep a proper lookout was a concurring proximate cause of her injuries. The defendant Martin denied the allegations of negligence and plead the contributory negligence of the plaintiff in failing to warn him of the approach of the Brady automobile. Thereafter the plaintiff, in consideration of a cash payment, gave Miss Brady a covenant not to sue and took a voluntary nonsuit as to her. Defendant Martin thereupon had her made an additional party defendant for contribution. At the close of all the evidence, the defendant's motion for judgment as of nonsuit was allowed and the plaintiff appealed.

*Everett, Everett & Everett for plaintiff appellant.*
*Smith, Leach, Anderson & Dorsett for defendant appellee.*

PER CURIAM.  Ordinarily a guest in an automobile is justified in assuming that the driver will maintain a proper lookout for approaching traffic and is required to warn him of danger only if a reasonably prudent person would, under the same circumstances, realize the danger and give warning of it. *Watters v. Parrish,* 252 N.C. 787, 115 S.E. 2d 1. However, the rule is different when, as here, the driver delegates to the guest the duty to look and the latter assumes to do so. In this event, a proper regard for his own safety requires the guest to watch for approaching traffic. Should he, without looking, erroneously inform the driver that it is safe to proceed, he is guilty of negligence which will bar his recovery if a collision results. Such are the facts of this case.

The judgment of nonsuit is
Affirmed.